UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS V. LOPEZ,<br><br>                             Plaintiff,<br><br>v.<br><br>FLUIDRA USA LLC; ZODIAC POOL SYSTEMS LLC; COVER-POOLS INCORPORATED,<br><br>                            Defendants. | Case No.: 21cv0044 DMS (MDD)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

This case comes before the Court on Plaintiff's motion to dismiss Defendants' Counterclaims and motion to strike Defendants' affirmative defenses. Defendants filed an opposition to the motion, and Plaintiff filed a reply. For the following reasons, the motion is denied.

**I.**

**BACKGROUND**

Plaintiff Thomas Lopez is the named inventor and assignee of United States Patent Numbers 9,625,041 ("the '041 Patent") and 10,641,401 ("the '401 Patent"). Both Patents relate to valves for use with pool pump assemblies in swimming pools having in-floor cleaning systems. (Compl. ¶¶ 15, 21.) On January 8, 2021, Plaintiff, then proceeding *pro*

*se*, filed the present case against Defendants Fluidra USA LLC, Zodiac Pool Systems LLC and Cover-Pools Inc. accusing them of infringing the Patents in Suit. Defendants filed an Answer to the Complaint asserting seven affirmative defenses along with Counterclaims for declaratory judgment of non-infringement and invalidity of the Patents in Suit, defamation as libel per se, and defamation as trade libel per se. Plaintiff filed a motion to dismiss the Counterclaims and strike the affirmative defenses, after which Defendants filed an Amended Answer and Counterclaims.[1] The Amended Answer includes six affirmative defenses, and realleges the original Counterclaims. In response, Plaintiff filed the present motion.

## II.

## DISCUSSION

Plaintiff argues Defendants' declaratory judgment counterclaims and affirmative defenses should be dismissed for failure to allege sufficient facts in support. Plaintiff also asserts Defendants' defamation counterclaims should be dismissed because Plaintiff's conduct was protected by California's litigation privilege.

**A.  Counterclaims**

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court established a more stringent standard of review for 12(b)(6) motions.[2] To survive a motion to dismiss under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[1] Plaintiff argues the Amended Answer and Counterclaims should be stricken because they were filed without leave of Court. However, as Defendants point out, the Amended Answer and Counterclaims were filed within 21 days of Plaintiff's motion to dismiss, and therefore, leave of court was not required. *See* Fed. R. Civ. P. 15(a)(1)(B).

[2] This standard applies to counterclaims, as well. *Juno Therapeutics, Inc. v. Kite Pharma*, No. CV 17-07639 SJO (RAOx), 2018 WL 1470594, at *3 (C.D. Cal. Mar. 8, 2018).

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

1. Declaratory Judgment Counterclaims

As stated above, Defendants bring counterclaims for declaratory judgment of noninfringement and invalidity as to each of the Patents in Suit. Plaintiff argues these counterclaims fail because Defendants failed to allege sufficient facts in support. The Court disagrees.

For each Patent in Suit, Defendants clearly explained why their accused products do not infringe. On the '041 Patent, Defendants allege they do not infringe because the accused products do not meet the claim limitations of a "cartridge", "wedges formed between each of the apertures", and "a plurality of spaced-apart apertures." (First Am. Answer, Defenses and Counterclaims ¶¶ 20-22.) On the '401 Patent, Defendants allege they do not infringe because the accused products do not meet the "upstanding collar" limitation. (*Id.* ¶35.) Clearly, Plaintiff disputes Defendants' allegations, but that dispute does not mean the counterclaims should be dismissed.[3]

///

---

[3] Plaintiff invites the Court to resolve the parties' claim construction disputes in the context of the present motion. The Court declines that invitation. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018) (stating claim construction issues are "not suitable for resolution on a motion to dismiss.")

Defendants allegations on invalidity are also sufficient to withstand Plaintiff's motion. Similar to the noninfringement counterclaims, Defendants identify the grounds for their invalidity counterclaims (anticipation and obviousness), and also identify and explain why specific prior art references support those counterclaims. (*Id.* ¶¶27-28, 40-41.) Thus, Plaintiff's motion to dismiss the declaratory judgment counterclaims is denied.

### 2. Defamation Counterclaims

On the defamation counterclaims, Plaintiff argues they should be dismissed because Plaintiff's conduct is protected by California's litigation privilege. "California's litigation privilege applies to any communication '(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that ha[s] some connection or logical relation to the action.'" *Graham-Sult v. Clainos*, 756 F.3d 724, 741 (9th Cir. 2014) (quoting *Mansell v. Otto*, 108 Cal. App. 4th 265, 271 (2003)). "The privilege 'immunizes defendants from virtually any tort liability (including claims for fraud), with the sole exception of causes of action for malicious prosecution.'" *Id.* (quoting *Olsen v. Harbison*, 191 Cal. App. 4th 325, 333 (2010)).

Here, Plaintiff appears to acknowledge his statements were not made in the course of a judicial or quasi-judicial proceeding, but he asserts the privilege applies nonetheless because his statements were made prelitigation. The litigation privilege may attach to prelitigation statements, but only "when 'imminent access to the courts is *seriously proposed* by a party in good faith for the purpose of resolving a dispute, and not when a threat of litigation is made merely as a means of obtaining a settlement.'" *Diamond Resorts U.S. Collection Development, LLC v. Pandora Marketing, LLC*, 500 F.Supp.3d 1104, 1111-12 (C.D. Cal. 2020) (quoting *Edwards v. Centex Real Estate Corp.*, 53 Cal. App. 4th 15, 36 (1997)). "'Whether a prelitigation communication relates to litigation that is contemplated in good faith and under serious consideration is an issue of fact.'" *Id.* at 1112 (quoting *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1251 (2007)). In this case, Plaintiff's reliance on the litigation privilege is rife with these factual

4

issues, namely whether Plaintiff was seriously and in good faith considering litigation as a possible method of resolving his dispute with Defendants. This Court cannot resolve those issues in the context of the present motion. Therefore, Plaintiff's motion to dismiss the defamation counterclaims is also denied. *See Zurich Am. Ins. Co. v. Trans Cal Ins. Associates, Inc.*, No. CIV. 2:10-1957 WBS KJM, 2010 WL 4968078, at *4 (E.D. Cal. Dec. 1, 2010) (denying motion to dismiss based on litigation privilege because factual inquiry was required).

**B. Affirmative Defenses**

Turning to Defendants' affirmative defenses, Plaintiff argues they should be stricken because Defendants failed to plead sufficient facts in support. Plaintiff cites a case from the Northern District of California to support this approach to his motion, *see PageMelding, Inc. v. ESPN, Inc.*, No. C 11-06263 WHA, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012), but cases from this District, including cases before this Court, do not apply that standard. *See*, *e.g.*, *Hinrichsen v. Quality Loan Service Corp.*, No. 16cv0690 DMS(NLS), 2016 WL 9458800, at *1 (S.D. Cal. Nov. 23, 2016) (applying Rule 12(f) to motion to strike affirmative defenses); *Youssofi v. Allied Interstate LLC*, No. 15CV2197-GPC(JLB), 2016 WL 29625, at *1-2 (S.D. Cal. Jan. 4, 2016) (stating affirmative defense is sufficiently pleaded if it provides plaintiff fair notice of the defense). Because Plaintiff did not address the applicable standard in his motion, the Court denies his motion to strike Defendants' affirmative defenses.

## III.

## CONCLUSION AND ORDER

For all of these reasons, Plaintiff's motion to dismiss and motion to strike is denied.

**IT IS SO ORDERED**.

Dated: July 13, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court